UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | **(JURY)** |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL
<u>AND DEMAND FOR JURY TRIAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Allstate Texas Lloyds and files its Notice of Removal pursuant to 28 U.S.C. §1446(a), as well as their formal Demand for Jury Trial, and in support thereof would show the Court as follows:

1. On February 10, 2017, Plaintiff Judy Mason filed her Plaintiff's Original Petition in the matter styled *Judy Mason v. Allstate Texas Lloyds,* Cause No. DC-17-01685, pending in the 192nd Judicial District Court of Dallas County, Texas in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy issued by Allstate Texas Lloyds.

2. Plaintiff served Allstate Texas Lloyds with a copy of the Petition by certified mail, return receipt requested on February 17, 2017.

3. Defendant files this Notice of Removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action.

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and are attached hereto as Exhibit "A." A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Dallas County, Texas, the place where the removed action has been pending.

II.

**BASIS FOR REMOVAL**

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

7.      Plaintiff is, and was at the time the lawsuit was filed, a citizen and resident of the State of Texas and owns the property in question which is located in Dallas County, Texas (Petition, para. 1, 7-8).

8.      Defendant Allstate Texas Lloyds was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and Virginia.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  Accordingly, Allstate is a citizen of

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-884 (5th Cir. 1993), cert. denied, 522 U.S. 815 (1997); see also *Massey*, 993 F. Supp. At 570.
[2] "Fifth Circuit jurisprudence is equally clear." *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

**NOTICE OF REMOVAL**                                                                                                   **PAGE 2**

the State of Illinois and Virginia and complete diversity exists. Accordingly, Allstate is a citizen of the States of Illinois and complete diversity exists.

**A.    The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

9.    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a homeowners' insurance policy because Plaintiff made a claim under that policy as a result of a storm and Defendant wrongfully adjusted and denied that claim. Specifically, Plaintiff alleges damages to the property of over $200,000, but less than $1,000,000. (Petition, para. 4).

10.   In addition, the Plaintiff's Original Petition alleges that Defendant is liable under the Texas Deceptive Trade Practices Act and is seeking multiple damages, interest and attorneys' fees. (Petition, para. 17-26).

### III.

### THE REMOVAL IS PROCEDURALLY CORRECT

11.   Defendant was served with the Plaintiff's Original Petition on January 30, 2017. Defendant filed this Notice within the 30 day time period required by 28 U.S.C. §1446(b).

12.   Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

13.   As required by 28 U.S.C. §1446(a) and Rule 81.1 of the Local Rules, all pleadings, process, orders, and all other filings in the state court action have previously been filed. Defendant's Notice of Removal to the 192nd Judicial District Court of Dallas County is attached as Exhibit A.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

16.     Defendant hereby demands a trial by jury.

### IV.

#### CONCLUSION

Based on the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyds hereby removes this case to this court for trial and determination.

Respectfully submitted,

**STACY | CONDER | ALLEN LLP**

/s/ David G. Allen
David G. Allen
State Bar No.: 00786972
allen@stacyconder.com
Danah L. Woods
State Bar No.: 24045259
woods@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYDS**

## **CERTIFICATE OF SERVICE**

      On March 10, 2017 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


                                                 /s/ David G. Allen
                                               David G. Allen

DGA/PLDG/582306.1/000003.17061